IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Desimber Rose Wattleton, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 6:24-cv-4827-BHH |
| v. ) | |
| ) | **ORDER** |
| Atlantic Acceptance Corp., Atlantic ) | |
| Acceptance Holdings, LLC, Atlantic ) | |
| Auto Finance Group, LLC, Agora Data ) | |
| Inc., Agora Capital, Agoratrade, LLC, ) | |
| Westlake Services, LLC d/b/a Westlake ) | |
| Financial Services, Walter Auto Loan ) | |
| Trust, Walt LLC, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Desimber Rose Wattleton, proceeding *pro se*, filed this civil action on September 5, 2024, against the above-named Defendants. (ECF No. 1.) On February 24, 2025, Defendant Westlake Services, LLC d/b/a Westlake Financial Services ("Westlake") filed a motion to dismiss pursuant to Rules 12(b)(1), (5), and (6) of the Federal Rules of Civil Procedure. (ECF No. 71.) Defendants Agora Data Inc., Agora Capital, and Agoratrade, LLC (collectively, "the Agora entities") also filed a motion to dismiss pursuant to Rules 12(b)(1), (5), and (6) of the Federal Rules of Civil Procedure on February 24, 2025. (ECF No. 72.) Next, on March 26, 2025, Defendants Walter Auto Loan Trust and WALT, LLC ("the Walt entities") filed a motion to dismiss pursuant to Rules 12(b)(1), (5), and (6) of the Federal Rules of Civil Procedure. (ECF No. 78.) Plaintiff filed responses to the motions to dismiss as well as a motion for service of process. (ECF Nos. 82-84, 92.) Defendants filed replies in support of their motions. (ECF Nos. 86-88.)

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this

action was referred to a United States Magistrate Judge for pretrial proceedings. On June 23, 2025, Magistrate Judge William S. Brown issued a Report and Recommendation ("Report"), outlining the issues and addressing the pending motions. (ECF No. 102.)

In his Report, the Magistrate Judge found that Plaintiff failed to meet her burden of showing that she had properly served Westlake and the Agora entities but that, regardless of this error, the Court should not dismiss these Defendants pursuant to Rule 12(b)(5) and instead should dismiss these Defendants pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for the reasons outlined in the Report. (*Id.* at 10, 16-18.) The Magistrate Judge also found that Defendants Atlantic Acceptance Corp., Atlantic Acceptance Holdings, LLC, and Atlantic Auto Finance Group, LLC, ("the Atlantic entities") should be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (*Id.* at 11.) In addition, the Magistrate Judge found that Plaintiff's claims against Westlake are barred by *res judicata* and that the Walt entities are entitled to dismissal pursuant to Rule 12(b)(6). (*See id.* at 15-33.) Lastly, the Magistrate Judge noted that, if the Court adopts his recommendations as to dismissal of all Defendants, then the Court should find moot Plaintiff's motion for service. (*Id.* at 33.)

Attached to the Report was a notice advising the parties of the right to file written objections to the Reports within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to

which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error.  After review, the Court finds no clear error and agrees with the Magistrate Judge's careful and thorough analysis.  **Accordingly, the Court adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 102); the Court grants Westlake's motion to dismiss (ECF No. 71); the Court grants the Agora entities' motion to dismiss (ECF No. 72); the Court grants the Walt entities' motion to dismiss (ECF No. 78); the Court dismisses the Atlantic entities without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure; the Court finds moot Plaintiff's motion for service (ECF No. 92); and this matter is dismissed without prejudice.**

IT IS SO ORDERED.

/s/Bruce H. Hendricks  
United States District Judge

July 22, 2025  
Charleston, South Carolina