IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Desimber Rose Wattleton,         )
         )
         Plaintiff,         )
         )
v.         )         Civil Action No. 6:24-4827-BHH
         )
Atlantic Acceptance Corp., Atlantic         )         **<u>ORDER</u>**
Acceptance Holdings, LLC, Atlantic         )
Auto Finance Group, LLC, Agora         )
Data Inc., Agora Capital, Agoratrade,         )
LLC, Westlake Services, LLC d/b/a         )
Westlake Financial Services, Walter         )
Auto Loan Trust, Walt LLC,         )
         )
         Defendants.         )
_____ )

This matter is before the Court upon Plaintiff Desimber Rose Wattelton's ("Plaintiff") *pro se* amended complaint against Defendants Atlantic Acceptance Corp., Atlantic Acceptance Holdings, LLC, Atlantic Auto Finance Group, LLC, Agora Data Inc., Agora Capital, Agoratrade, LLC, Westlake Services, LLC d/b/a Westlake Financial Services, Walter Auto Loan Trust, Walt LLC (collectively, "Defendants").[1]  (ECF No. 64.)  On February 24, 2025, Defendant Westlake Services, LLC d/b/a Westlake Financial Services ("Westlake") filed a motion to dismiss pursuant to Rules 12(b)(1), (5), and (6) of the Federal Rules of Civil Procedure.  (ECF No. 71.)  The same day, Defendants Agora Data Inc. ("Agora Data"), Agora Capital, and Agoratrade, LLC ("Agoratrade") (collectively, "the Agora

---

[1] Plaintiff filed her initial complaint on September 5, 2024, and the Magistrate Judge issued an order authorizing service of process on October 29, 2024 ("first service order").  (ECF Nos. 1, 22.)  A summons was issued on October 29, 2024, with service due by January 27, 2025.  (ECF No. 23.)

Plaintiff moved to amend her complaint, and the Magistrate Judge issued an order granting her motion on February 10, 2025.  (ECF Nos. 47, 63.)  The Court issued an order authorizing service of process on February 24, 2025 ("second service order"), and a summons was issued on February 24, 2025, with service due by May 27, 2025.  (ECF No. 69.)

entities") also filed a motion to dismiss pursuant to Rules 12(b)(1), (5), and (6). (ECF No. 72.) In addition, on March 26, 2025, Defendants Walter Auto Loan Trust and Walt, LLC (collectively, "the Walt entities") filed a motion to dismiss pursuant to Rules 12(b)(1), (5), and (6). (ECF No. 78.) Plaintiff filed separate responses to the three motions to dismiss on March 28, 2025. (ECF Nos. 82, 83, 84.) The Walt entities, Westlake, and the Agora entities filed replies on April 4, 2025. (ECF Nos. 86, 87, 88.)

Also on April 4, 2025, Plaintiff filed a motion for service of process. (ECF No. 92.) Westlake and the Agora entities filed responses to Plaintiff's motion on April 17, 2025. (ECF Nos. 95, 96.) Plaintiff filed a reply on April 18, 2025. (ECF No. 99.)

On June 23, 2025, in accordance with 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2), D.S.C., United States Magistrate Judge William S. Brown issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court grant Westlake's motion to dismiss pursuant to Rule 12(b)(6) (ECF No. 71); grant the Agora entities' motion to dismiss pursuant to Rule 12(b)(6) (ECF No. 72); grant the Walt entities' motion to dismiss pursuant to Rule 12(b)(6) (ECF No. 78); find moot Plaintiff's motion for service (ECF No. 92); and dismiss Defendants Atlantic Acceptance Corp., Atlantic Acceptance Holdings, LLC, and Atlantic Auto Finance Group, LLC (collectively, "the Atlantic entities") without prejudice pursuant to rule 4(m) of the Federal Rules of Civil Procedure. (ECF No. 102.)

On July 16, 2025, Plaintiff filed objections to the Magistrate Judge's Report. (ECF No. 110.) The Agora entities and Westlake filed replies to Plaintiff's objections on July 31, 2025. (ECF Nos. 121, 122.) For the reasons set forth below, the Court overrules Plaintiff's objections and adopts and specifically incorporates the Magistrate Judge's Report, thereby

2

granting the pending motions to dismiss (ECF Nos. 71, 72, 78) pursuant to Rule 12(b)(6) as outlined herein, finding as moot Plaintiff's motion for service (ECF No. 92), and dismissing the Atlantic entities without prejudice pursuant to Rule 4(m).

### STANDARDS OF REVIEW

**I.    Federal Rule of Civil Procedure 12(b)(1)**

A Rule 12(b)(1) motion for lack of subject matter jurisdiction raises the fundamental question of whether a court has jurisdiction to adjudicate the matter before it.  Fed. R. Civ. P. 12(b)(1).  In determining whether jurisdiction exists, the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."  *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ).  "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."  *Id.* (citation omitted).  The plaintiff bears the burden of proof on questions of subject matter jurisdiction.  *See Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).

**II.    Federal Rule of Civil Procedure 12(b)(5)**

A motion to dismiss filed pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure challenges the mode of delivery or the lack of delivery of the summons and complaint.  Once sufficiency of service has been challenged, the plaintiff bears the burden of establishing that service of process has been accomplished in compliance with Rule 4 of the Federal Rules of Civil Procedure.  *Plant Genetic Sys., N.V. v. Ciba Seeds*, 933 F.

Supp. 519, 526 (M.D.N.C. 1996). Rule 4(m) provides in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Although courts grant *pro se* litigants a degree of leniency in litigation, *pro se* plaintiffs still must follow the rules for process and service of process, and *pro se* status alone, "is insufficient to establish good cause, even where the *pro se* plaintiff mistakenly believes that service was made properly." *Hansan v. Fairfax Cnty. Sch. Bd.*, 405 F. App'x 793, 794 (4th Cir. 2010); *see McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Jonas v. Citibank*, 414 F.Supp.2d 411, 416 (S.D.N.Y. 2006) (stating, in context of motion to dismiss *pro se* plaintiff's complaint, that "a mistaken belief that service was proper does not constitute good cause" and "neglect and inadvertence do not suffice").

"Good cause" requires a "showing of diligence on the part of the plaintiffs." *Attkisson v. Holder*, 925 F.3d 606, 627 (4th Cir. 2019). Consistent with that foundational principle, good cause is commonly found to "exist[ ] when the failure of service is due to external factors, such as the defendant's intentional evasion of service," but "significant periods of inactivity" and a "fail[ure] to seek extension of time before [the] deadline [has] lapsed" tend to undercut any claim of good cause. *Id.* At bottom, "[w]hile 'good cause' is a flexible standard, diligence provides a touchstone for an appellate court" in its review. *Id.*

That being said, noncompliance with Rule 4 does not mandate dismissal where the

necessary parties have received actual notice of a suit and where they have not been prejudiced by the technical defect in service. *See Karlsson v. Rabinowitz*, 318 F.2d 666, 668-69 (4th Cir. 1963) ("In determining whether the plaintiff has satisfied his burden, the technical requirements of service should be construed liberally as long as the defendant had actual notice of the pending suit."). "When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process. But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." *Id.* (citation omitted).

## III.     Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of a plaintiff's complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. *Id.* When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Supreme Court has explained that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly*, 550 U.S. at 678.

5

**IV.     The Magistrate Judge's Report**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

**DISCUSSION**

**I.     The Magistrate Judge's Findings**

As an initial matter, in his Report, the Magistrate Judge set forth the relevant procedural background and the factual allegations in Plaintiff's amended complaint. (*See* ECF No. 102 at 2-6.) The Magistrate Judge also took judicial notice of Plaintiff's prior action filed in the Greenville County Court of Common Pleas against several parties, including Westlake, Atlantic Acceptance Corp., A&K Auto, and Roy Owens Towing. (*Id.* at 7-8 (referencing Greenville County Public Index, https://www2.greenvillecounty.org/SCJD/PublicIndex/PISearch.aspx at Case No. 2023-CP-2301039 ("the prior state court action")).) No party has objected to these portions of the Magistrate Judge's Report, and the Court finds that the Magistrate Judge carefully and accurately set forth the relevant information. Accordingly, the Court adopts these portions of the Report and recites only what is necessary to address Plaintiff's objections below.

In his Report, the Magistrate Judge next addressed Westlake's and the Agora

6

entities' arguments that Plaintiffs' claims against them should be dismissed for insufficient service of process. (*Id.* at 8.) After setting forth the applicable law, the Magistrate Judge noted that Plaintiff failed to meet her burden of showing that she properly served Westlake and the Agora entities. (*Id.* at 9.) Nevertheless, the Magistrate Judge recommended that the Court *decline* to dismiss these Defendants under Rule 12(b)(5) and instead uphold jurisdiction "[i]n light of Plaintiff's good faith attempts to serve Westlake and the Agora entities, her *pro se* status, the lack of prejudice to Westlake and the Agora entities, and Westlake['s] and the Agora entities' actual notice of this lawsuit." (*Id.* at 10.)

As to the Atlantic entities, however, the Magistrate Judge noted that they have not appeared in this matter, and he reiterated the Court's service-of-process instructions that were set forth in the first and second service orders. (*Id.* at 10-11 (citing ECF Nos. 22, 63, 68).) The Magistrate Judge ultimately concluded that, as to the Atlantic entities, Plaintiff failed to provide proof of proper service pursuant to Rule 4 and failed to show good cause for her failure to serve these entities. (*Id.* at 11.) Accordingly, the Magistrate Judge found that an extension was not warranted and recommended that the Court dismiss the Atlantic entities without prejudice pursuant to Rule 4(m).[2]

Next in the Report, the Magistrate Judge addressed the moving parties' Rule 12(b)(6) arguments, first addressing Defendant Westlake's assertion that Plaintiff's claims against it should be dismissed based on *res judicata*.[3] (*Id.* at 12.) After outlining the

---

[2] The Magistrate Judge noted that if Plaintiff properly served the Atlantic entities during the time permitted for filing objections to the Report, that the matter should be recommitted to him. (ECF No. 102 at 11, n.4.) To date, however, Plaintiff does not appear to have properly served the Atlantic entities.

[3] When evaluating *res judicata* on a motion to dismiss, district courts can consider state court records even when they are not referenced in the complaint, without converting the motion to dismiss to a motion for summary judgment. *See Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396-97 (4th Cir. 2006) (per curiam).

applicable law and the relevant procedural history of Plaintiff's prior state court action against Westlake and others, which involved the same subject matter and was dismissed after Plaintiff was afforded the opportunity to file a second amended complaint, the Magistrate Judge recommended that the Court grant Westlake's motion to dismiss based on *res judicata*. (*Id.* at 12-16; *see id.* at 15-16 ("Because the circuit court held that Plaintiff failed to state a claim against Westlake and Plaintiff did not appeal the circuit court's formal order, there was a final adjudication of the issue in the first suit.").)

The Magistrate Judge next considered the Agora entities' and the Walt entities' Rule 12(b)(6) arguments. First, the Magistrate Judge found that Plaintiff failed to set forth any specific factual allegations or wrongdoing on the part of Agoratrade or Agora Capital sufficient to state a plausible claim. (*Id.* at 16-18.) Next, the Magistrate Judge found that Walter Auto should be dismissed because it never had any relationship with Plaintiff or her retail installment contract ("RIC"). (*Id.* at 18-19.) The Magistrate Judge further noted that, even if Agora Capital, Agoratrade, and Walter Auto were not dismissed for these reasons, they should be dismissed for the additional reasons that warrant dismissal of the remaining Agora entity–Agora Data–and the remaining Walt entity–Walt, as set forth below. (*Id.* at 19, n. 7.)

Specifically, the Magistrate Judge evaluated each of Plaintiff's claims against Agora Data and Walt and found as follows. First, as to Plaintiff's breach of contract claim, the Magistrate Judge set forth the applicable law and explained that Plaintiff failed to set forth any factual allegations against Walt. (*Id.* at 19.) As to Agora Data, the Magistrate Judge explained that, even assuming that Agora Data was a party to the RIC or was in privity of contract with a party to the RIC, Plaintiff failed to sufficiently allege that Agora Data

8

breached the RIC or otherwise played a role in the financing or repossession of the vehicle. (*Id.* at 20.)

As to Plaintiff's fraud claim, the Magistrate Judge set forth the applicable law and found that, despite Plaintiff's general assertion that Agora Data and Walt communicated false information to gain her trust and tried to collect payments from her, the amended complaint does not "set forth any specific factual allegations of Agora Data or Walt having any communication with her or making any particular false representation of fact." (*Id.* at 22.) Based on Plaintiff's failure to allege that Agora Data or Walt made a false representation of fact and Plaintiff's failure to plead her fraud claim with the required specificity, the Magistrate Judge recommended that the Court dismiss the claim. (*Id.*)

As to Plaintiff's claim arising under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b), the Magistrate Judge set forth the applicable law and found that Plaintiff failed to state a plausible claim under § 1681s-2(b) because the amended complaint does not include any facts to show (1) that Plaintiff disputed specific information on her credit report with a credit reporting agency or (2) that the credit reporting agency alerted Agora Data and Walt of the information. (*Id.* at 22-24.) Specifically, the Magistrate Judge explained: "while Plaintiff alleges that she disputed information with 'the Bureaus,' she fails to allege with which specific CRAs she disputed the information, how she disputed the information, and other facts to support her belief that these unidentified CRAs notified Agora Data and Walt of the dispute." (*Id.* at 24.)

The Magistrate Judge next considered Plaintiff's negligence claim based on her allegation that she fractured her foot in two places and sprained her ankle when running after her vehicle while it was being repossessed. (*Id.* at 25.) Ultimately, the Magistrate

Judge found that Plaintiff's claim lacked specific factual allegations as to Agora Data and Walt.  The Magistrate Judge explained:

> Plaintiff does not allege that Agora Data and Walt failed to pay A&K Auto or filed bankruptcy.  Rather, Plaintiff attributes those actions to Atlantic Acceptance.  Additionally, Plaintiff does not allege that Agora Data and Walt played any role in repossession of her vehicle.  Instead, Plaintiff attributes those actions to A&K Auto and Roy Owens Towing. As a result, Plaintiff has failed to sufficiently allege that Agora Data and Walt proximately caused her injuries.

(*Id.* at 25-26.)  Therefore, the Magistrate Judge recommended that the Court grant Agora Data's and Walt's motions as to Plaintiff's negligence claim.

Next, with respect to Plaintiff's claim under the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1962, the Magistrate Judge outlined the applicable law and found that Plaintiff's amended complaint merely lists the elements of a claim under § 1962(c) but does not include any specific factual allegations in support of those elements. (*Id*. at 26-27.)  Additionally, the Magistrate Judge noted that Plaintiff failed to allege a distinction between Walt and Agora Data as persons and an enterprise, and that Plaintiff's general fraud allegations fail to satisfy the requisite heightened pleading standard.  (*Id.* at 27-28.)

With respect to Plaintiff's civil conspiracy claim, the Magistrate Judge again outlined the applicable law and found Plaintiff's general allegations insufficient to state a plausible claim, noting that Plaintiff failed to allege any specific facts regarding how Agora Data and Walt conspired with each other – or with any other Defendants – and that Plaintiff failed to allege any overt acts taken in further of an alleged agreement.  (*Id.* at 28-29.) Additionally, the Magistrate Judge found that Plaintiff's civil conspiracy claim fails because there is no allegation that Agora Data and Walt acted in furtherance of the conspiracy in a manner

10

separate from her other causes of action. (*Id.* at 29.) Therefore, the Magistrate Judge recommended that the Court dismiss Plaintiff's civil conspiracy claim. (*Id.* at 30.)

Next, the Magistrate Judge considered Plaintiff's claim under the South Carolina Unfair Trade Practices Act, S.C. Code §§ 29-5-10 to -560. After setting forth the applicable law, the Magistrate Judge found Plaintiff's allegations conclusory and noted that Plaintiff failed to allege that Agora Data or Walt engaged in an unfair or deceptive act in the conduct of trade or commerce. (*Id.* at 30-31.) Thus, the Magistrate Judge also recommended that the Court dismiss this claim.

Lastly, as to Plaintiff's conversion claim, the Magistrate Judge explained that a loan does not fall under the "goods or personal chattels" covered by a conversion claim, and that the funds at issue are likewise not subject to a conversion claim because they are not identifiable. (*Id.* at 32.) Therefore, the Magistrate Judge recommended that the Court dismiss Plaintiff's conversion claim.

After addressing the parties' Rule 12(b)(6) arguments, the Magistrate Judge considered Plaintiff's motion for service, which was filed on April 4, 2025. (ECF No. 92; ECF No. 102 at 33-34.) In her motion, Plaintiff asks the Court "for an Order directing the United States Marshal to serve the Summons and Complaint upon All Defendants represented by the Law Office of Smith Robinson . . . ." (ECF No. 92 at 1.) The Magistrate Judge explained that attorneys from Smith Robinson Holler Dubose and Morgan, LLC represent Westlake and the Agora Entities. (ECF No. 102 at 33.) As the Magistrate Judge also explained, however, because he does not recommend that the Court grant Westlake's or the Agora entities' motions to dismiss pursuant to Rule 12(b)(5) for insufficient service of process, the Court should find moot Plaintiff's motion for service. (*Id.*)

11

## II.     Plaintiff's Objections

Plaintiff filed sixteen pages of written objections, which include nine separate numbered objections although several of the objections are related to one another. (ECF No. 110 at 1-16.) The Court considers each of Plaintiff's objections as grouped below.

### A.     Service of Process (Objections One, Two, Five, and Seven)

In objection number one, Plaintiff asserts that the Magistrate Judge's timing unfairly prejudiced her ability to perfect service. (ECF No. 110 at 1.) Specifically, according to Plaintiff, the issuance of the Report over 80 days after the motions were fully briefed disadvantaged her from being able to perfect service (although she does not state how), and she asserts that the delay violates her fundamental due process rights. (*Id.* at 2.)

In objection number two, Plaintiff asserts that the Magistrate Judge's recommendation that the Court dismiss the Atlantic entities without prejudice under Rule 4(m) would be an unwarranted victory for the Atlantic entities, and she argues that the dismissal would prevent her from being able to seek default judgment against these Defendants, which she asserts is a fundamental right. (*Id.* at 2.) Plaintiff further contends that the certificates of service demonstrate that she attempted service, and she argues that the Magistrate Judge made no finding that Plaintiff failed to show good cause. (*Id.*)

Also on the issue of service, in objection numbers five and seven, Plaintiff asserts that the Magistrate Judge failed to liberally construe her service attempts, and that the Magistrate Judge erred in requiring service on corporate Defendants who have counsel of record. (*Id.* at 6-8.) According to Plaintiff, her service of the amended complaint on Defendants' counsel was proper and sufficient, and if it was not, then the Court should have granted Plaintiff's motion for service by the U.S. Marshal. (*Id.* at 8.)

12

After *de novo* review, the Court is not persuaded by Plaintiff's service-related objections. First, as a practical matter and as noted above, the Report does *not* recommend that the Court grant Westlake's or the Agora entities' motions to dismiss pursuant to Rule 12(b)(5) for insufficient service of process. Indeed, as set forth in the prior section of this order, the Magistrate Judge found that Plaintiff's good faith attempts to serve Westlake and the Agora entities, her *pro se* status, the lack of prejudice to Westlake and the Agora entities, and Westlake's and the Agora entities' actual notice of the lawsuit weighed against dismissal of these Defendants under Rule 12(b)(5). The Court fully agrees with this analysis and adopts the Magistrate Judge's findings as to Westlake and the Agora entities.

As to the Atlantic entities, the Magistrate Judge explained that they have not appeared in this action. (ECF No. 102 at 10.) The Magistrate Judge then carefully reviewed Plaintiff's certificate of service, which was filed on November 21, 2024, and which indicated that she served her initial complaint on Atlantic Acceptance Holdings, LLC and Atlantic Acceptance Corp. by serving their alleged counsel from another lawsuit via certified mail. (ECF No. 102 at 10-11 (citing ECF No. 25 at 1-3).) The Magistrate Judge also explained that Plaintiff indicated that she tried to effect service on Atlantic Auto Finance Group, LLC, by serving its registered agent, although the Magistrate Judge noted that Plaintiff had not attached proof that she mailed the appropriate documents with "return receipt requested and delivery restricted to the addressee," S.C. R. Civ. P. Rules 4(d)(3) and 8, or proof that she served Atlantic Auto Finance Group, LLC's registered agent in person. (*Id.* at 11, n. 3.)

Additionally, the Magistrate Judge also considered Plaintiff's response to the Court's

13

second service order, which specifically instructed Plaintiff to serve Defendants *via their registered agents*. The Magistrate Judge noted, however, that based on the certificate of service filed on March 11, 2025, it appears that Plaintiff again served the amended complaint on the Atlantic entities' alleged counsel *from another lawsuit* via certified mail. (*Id.* at 11 (citing ECF No. 77 at 1).)

After review, the Court agrees with the Magistrate Judge that Plaintiff's certificates of service do not provide proof of proper service on the Atlantic entities in compliance with Rule 4. Additionally, the Court is not persuaded by Plaintiff's assertion that the timing of the Report prejudiced her ability to effectuate proper service. In fact, the Magistrate Judge even noted in his Report that if Plaintiff properly served the Atlantic entities during the time period for filing objections, then the matter should be recommitted to him. (*Id.*, n. 4.) Importantly, however, nowhere in her objections does Plaintiff assert that she has made *any* additional efforts to properly serve the Atlantic entities following issuance of the Magistrate Judge's Report.

In addition, contrary to Plaintiff's assertion that the Magistrate Judge made no finding that Plaintiff failed to show good cause, the Magistrate Judge specifically found "that Plaintiff has not shown good cause for her failure to serve the Atlantic entities." (*Id.* at 11.) In all, the Court finds no merit to Plaintiff's service-related objections, and the Court fully agrees with the Magistrate Judge that Plaintiff has not shown good cause for her failure to properly serve the Atlantic entities after being given several opportunities to do so. Accordingly, the Court adopts the Magistrate Judge's recommendation and dismisses the Agora entities without prejudice pursuant to Rule 4(m).

### B.     Rule 15(a) (Objection Three)

In objection number three, Plaintiff asserts that the Magistrate Judge's Report contradicts the Magistrate Judge's order filed on February 10, 2025, wherein he stated that "Plaintiff's amendment of her Complaint would not be futile because she has stated at least one claim that is plausible on its face."  (ECF No. 110 at 3 (quoting ECF No. 63 at 11).)  According to Plaintiff, this earlier statement by the Magistrate Judge contradicts his recommendation to dismiss all claims, and Plaintiff alleges that the Court should be estopped from now finding that her claims are not plausible.  (*Id.*)

After *de novo* review, the Court finds no merit to Plaintiff's objection, which ignores the fact that courts apply different standards when analyzing motions to amend under Rule 15(a) and motions to dismiss under Rule 12(b)(6).  Indeed, pursuant to Rule 15(a), courts freely grant leave to amend unless it appears certain that a plaintiff cannot state a plausible claim.  *See also Ostrzenski v. Seigel*, 177 F.3d 245, 253 (4th Cir. 1999) ("The better practice is to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the court will be able to determine conclusively on the face of a defective pleading whether plaintiff actually can state a claim.").  In short, allowing a plaintiff to file an amended complaint does not mean that a subsequent motion to dismiss the amended pleading will automatically be denied.  Accordingly, the Court finds no merit to Plaintiff's objection.

### C.     *Res Judicata* Analysis (Objection Four)

In objection number four, Plaintiff asserts that the Magistrate Judge's *res judicata* analysis is flawed.  (ECF No. 110 at 4-6.)  According to Plaintiff, because her claims against Westlake in her prior state court action were dismissed under Rule 12(b)(6), the dismissal

was procedural and not substantive and does not operate as an adjudication on the merits for purposes of *res judicata.* (*Id.* at 4-6.)

As the Magistrate Judge explained, under the doctrine of *res judicata*, also known as claim preclusion, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."[4] *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *Brown v. Felsen*, 442 U.S. 127, 131 (1979); *Pueschel v. United States*, 369 F.3d 345, 355 (4th Cir. 2004) (quoting the same). "By precluding parties in a subsequent proceeding from raising claims that were or could have been raised in a prior proceeding, '[r]es judicata . . . encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes.'" *Pueschel*, 369 F.3d at 354 (quoting *Brown*, 442 U.S. at 131).

The preclusive effect of a judgment rendered in state court is generally determined by the law of the state in which the judgment was rendered. *Sartin v. Macik*, 535 F.3d 284, 287 (4th Cir. 2008). Under South Carolina law, "[t]o establish the defense of *res judicata* three elements must be shown: (1) identity of the parties or their privies; (2) identity of the subject matter of the litigation; and (3) a final determination on the merits of the claim in the former proceeding." *H.G. Hall Constr. Co. v. J.E.P. Enters.*, 321 S.E.2d 267, 271 (S.C. Ct. App. 1984) (citations omitted); *see also Yelsen Land Co., Inc. v. State*, 397 S.C. 15, 22, 723 S.E.2d 592, 596 (S.C. 2012).

In the Report, the Magistrate Judge explained that Plaintiff previously sued several Defendants in the prior state court action, including Defendant Westlake, and that Plaintiff

---

[4] Collateral estoppel, or issue preclusion, bars the relitigation of specific issues that were actually determined in a prior action. *Sartin v. Macik*, 535 F.3d 284, 287 (4th Cir. 2008).

asserted similar claims based on her purchase of the subject vehicle and its subsequent repossession. (ECF No. 102 at 14.) As the Magistrate Judge noted, in her second amended complaint filed in the prior state court action, Plaintiff included claims against Westlake for breach of contract, breach of breach of good faith and fair dealing, fraud, violation of the FCRA, and negligence.[5] *See* Greenville County Public Index, https://www2.greenvillecounty.org/SCJD/PublicIndex/PISearch.aspx, Case No. 2023-CP-2301039, last visited March 5, 2026. In the prior state court action, Westlake moved to dismiss the Plaintiff's second amended complaint, and the state court granted Westlake's motion and issued a formal order on October 8, 2023. Plaintiff did not appeal the state court's formal order.

In evaluating whether Plaintiff's claims against Westlake in this action are barred by the doctrine of *res judicata*, the Magistrate Judge first found that there is identity of the parties in the prior state court action and this action, as both actions were brought by Plaintiff against Westlake, and the fact that Plaintiff named additional Defendants other than Westlake in the state court action and in this action does not preclude application of *res judicata*. (ECF No. 102 at 14 (citing cases).) Second, the Magistrate Judge found that there is identify of subject matter in the two actions, as both relate to Plaintiff's purchase of the same vehicle and its repossession. (*Id.*) Finally, the Magistrate Judge found that the state court's grant of Westlake's motion to dismiss under South Carolina Rule of Civil Procedure 12(b)(6) constitutes an adjudication on the merits in the first suit. Accordingly,

---

[5] In her amended complaint in this action, Plaintiff includes claims against Westlake for breach of contract, fraud, violation of the FCRA, negligence, violation of the RICO, civil conspiracy, violation of the SCUTPA, and conversion. (ECF No. 64.)

17

the Magistrate Judge found that all three elements were shown to establish Westlake's defense of *res judicata*.

After *de novo* review, the Court finds that the Magistrate Judge correctly concluded that there is identity of the parties, and the presence of additional Defendants in either action does not preclude the application of *res judicata* as to Plaintiff's claims against Westlake. *See, e.g.*, *Zimmerman v. College of Charleston*, No. 2:12-cv-505-DCN, 2013 WL 4523585, *4 (D.S.C. Aug. 26, 2013) ("The fact that an additional defendant was named in the state court action does not preclude application of *res judicata* in the present action.").

Second, the Court finds that the Magistrate Judge correctly concluded that there is identity of subject matter, as Plaintiff's claims in the prior state court action and her claims in this action arise out of the same transaction or occurrence.[6]  In *Judy v. Judy*, 393 S.C. 160, 712 S.E.2d 408 (S.C.2011), the South Carolina Supreme Court declined to adopt a single test for determining whether a claim should have been raised in a prior suit and instead reiterated that "'*[r]es judicata* bars subsequent actions by the same parties when the claims arise out of the same transaction or occurrence that was the subject of a prior action between those parties.'" *Id.* at 414 (quoting *Plum Creek Dev. Co. v. City of Conway*, 224 S.C. 30, 512 S.E.2d 106 (S.C. 1999).  "[S]imply seeking a different remedy in the second lawsuit for the same cause of action does not negate the identical nature of the subjects of the two actions." *Id.*  Furthermore, the Court notes that Plaintiff is incorrect when she objects that she could not bring her claims for alleged RICO violations, civil

---

[6]  As the Fourth Circuit has explained, "[w]hether two suits arise out of the same cause of action [ ] does not turn on whether the claims asserted are identical.  Rather, it turns on whether the suits and the claims asserted therein arise out of the same transaction or series of transactions or the same core of operative facts." *Pueschel*, 369 F.3d at 355.

conspiracy, SCUTPA violations, or conversion in the prior state court action.

Third, the Court agrees with the Magistrate Judge that the state court's order dismissing Plaintiff's second amended complaint in the prior state court action is a final determination on the merits in the prior proceeding, but the Court notes that this finding warrants further discussion. In the Report, the Magistrate Judge cited a Fourth Circuit case indicating that, "unless otherwise specified, a dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with prejudice." (ECF No. 102 at 16 (quoting *McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009).) The court in *McLean*, however, was addressing a dismissal under *Federal* Rule of Civil Procedure 12(b)(6), not *South Carolina* Rule of Civil Procedure 12(b)(6). In contrast to the federal view, the South Carolina Supreme Court has indicated that "[w]hen a complaint is dismissed under Rule 12(b)(6) for failure to state facts sufficient to constitute a cause of action, the dismissal generally is without prejudice." *Spence v. Spence*, 368 S.C. 106, 129, 628 S.E.2d 869, 881 (S.C. 2006); *see also Sheppard v. S.C. Dept. of Probation, Parole & Pardon Servs.*, 2006 WL 7286620, *4 (S.C. Ct. App. Sept. 20, 2006) ("[A] trial court's dismissal of a complaint for insufficiency under Rule 12(b)(6), SCRCP, is generally without prejudice.") (citation omitted). Nevertheless, the Court notes that this is because "[t]he plaintiff in most cases should be given an opportunity to file and serve an amended complaint." *Spence*, 368 S.C. at 129, 628 S.E.2d at 881.[7]

---

[7] In *Spence*, 368 S.C. at 129, 628 S.E.2d at 881, the South Carolina Supreme Court cited *Arkansas Dept. of Env't Quality v. Brighton Corp.*, 352 Ark. 396, 102 S.W.3d 458, 468 (2003), for the proposition that a "complaint dismissed for failure to state facts upon which relief can be granted should be dismissed without prejudice in order for plaintiff to decide whether to serve [an] amended complaint." The court also cited *Thacker v. Bartlett*, 785 N.E.2d 621, 624 (Ind. Ct. App. 2003), for the proposition that "dismissal for failure to state a claim is without prejudice because the complaining party may either file an amended complaint or stand upon complaint and appeal." Additionally, the court cited *Giuliani v. Chuck*, 1 Haw.App. 379, 620 P.2d

Importantly, in the underlying state court action, Plaintiff was given the opportunity to file not only one but two amended complaints. Additionally, although the state court's final order dismissing Plaintiff's second amended complaint does not state whether the court intended for the dismissal to be with or without prejudice, a careful review of the order indicates that the state court adjudicated the merits of at least some of Plaintiff's claims, contrary to Plaintiff's objections otherwise. For example, in the final state court order, which Plaintiff did not appeal,[8] the state court ruled that "Plaintiff cannot maintain a separate cause of action for breach of the implied covenant of good faith and fair dealing." (ECF No. 27-8 at 4.) As to Plaintiff's negligence claim against Westlake, the state court found that her claim failed "because Westlake was not involved in the repossession of Plaintiff's vehicle and did not proximately cause any injury to Plaintiff." (Order at 8.) Indeed, the state court specifically stated: "The Court finds that Westlake's alleged actions or inactions did not proximately cause any injuries to Plaintiff." (*Id.*) The state court also found that Plaintiff "may not maintain a state law claim for negligence because the FCRA preempts such a claim." (Order at 9.)

Having had the opportunity to file three complaints in state court and now two complaints in federal court, it is clear that Plaintiff is trying to take a fifth bite at the apple and is attempting to relitigate certain issues that have already been decided by the state

---

733, 737 (1980), for the proposition that a "complaint is not subject to dismissal with prejudice unless it appears to a certainty that no relief can be granted under any set of facts that can be proved in support of its allegations." Spence, 368 S.C. at 129, 628 S.E.2d at 881.

[8] Under South Carolina law, "[a] ruling not challenged on appeal is the law of the case, regardless of the correctness of the ruling." *S.C. Coastal Conservation League v. S.C. Dep't of Health & Envtl. Control*, 363 S.C. 67, 76, 610 S.E.2d 482, 487 (2005). Furthermore, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Weston v. Margaret J. Weston Med. Ctr.*, C.A. No. 1:05-2518-RBH, 2007 WL 2750216 at *1 (Sept. 20, 2007) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)).

court. But because *res judicata* bars not only claims that were actually litigated in a prior proceeding but also claims that could have been litigated, the Court agrees with the Magistrate Judge that Plaintiff's claims against Westlake in this action are barred by *res judicata*, and the Court overrules Plaintiff's fourth objection.

### D.    Liberal Construction of Pleadings (Objection Six)

In objection number six, Plaintiff asserts that the Magistrate Judge failed to liberally construe her *pro se* pleadings, and she asserts that courts routinely allow *pro se* plaintiffs to plead their claims against multiple defendants collectively. (ECF No. 110 at 7.)

After *de novo* review, the Court finds no merit to Plaintiff's objection. In his Report, the Magistrate Judge explained that *pro se* pleadings are to be construed liberally but noted that *pro se* pleadings still must meet the requirement of plausibility. (ECF No. 102 at 17.) Indeed, after review, the Court finds that the Magistrate Judge articulated the correct standard of review and applied it appropriately when addressing the claims set forth in Plaintiff's amended complaint. Furthermore, the Court finds no error in the Magistrate Judge's analysis and agrees with the Magistrate Judge that Plaintiff's amended complaint fails to state forth plausible claims for relief for all of the specific reasons set forth in the Report.

### E.    Rule 26(f) Conference (Objection Eight)

In objection number eight, Plaintiff asserts that it was error to deny her request for a Rule 26(f) conference. (ECF No. 110 at 8-10.) According to Plaintiff, her *pro se* status makes the Rule 26(f) conference essential, because the conference is vital to, *inter alia*, coordinate and manage discovery with ten corporate defendants and ensure consistent production standards. (*Id.* at 10.) Plaintiff further asserts that the denial of a Rule 26(f)

conference has prejudiced her ability to obtain early disclosures, establish a discovery plan, address preservation of documents, explore potential settlement, and receive judicial guidance on the scope and timing of discovery. (*Id.* at 11.)

After review, the Court finds Plaintiff's objection unavailing. As a practical matter, in accordance with Local Civil Rule 16.00(B), "[d]ue to special concerns raised by oral communications between counsel and unrepresented litigants, it is the general practice in this district to waive the Fed. R. Civ. P. 26(f) conference requirement when any party is proceeding *pro se*." Local Civil Rule 16.00(B), n. 8, D.S.C. Here, the Court did not issue an order requiring a Rule 26(f) conference; nor does the Court find that a Rule 26(f) conference was required under the circumstances. (*See also* ECF No. 101.) Accordingly, the Court overrules Plaintiff's eighth objection.

### F.     Alternative Relief (Objection Nine)

In objection number nine, Plaintiff asserts that the Magistrate Judge erred by failing to consider alternative relief. (*Id.* at 11.) Specifically, Plaintiff asserts that even if some of her claims are deficient, the Magistrate Judge should have granted her leave to amend rather than recommending a blanket dismissal of all claims. (*Id.*)

After *de novo* review, the Court finds no merit to Plaintiff's objection. Contrary to Plaintiff's assertion, the Magistrate Judge *did* consider alternative relief by granting Plaintiff's motion to file an amended complaint in the first instance. Moreover, the Court notes that nowhere in her objections does Plaintiff assert how an additional amended pleading would permit her to cure the deficiencies identified by the Magistrate Judge.

In all, as noted above, Plaintiff has now had five bites of the apple, and the Court finds no merit to Plaintiff's assertion that the Magistrate Judge erred by failing to consider

alternative relief.

## CONCLUSION

Based on the foregoing, the Court overrules Plaintiff's objections (ECF No. 110) and adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 102). Accordingly, the Court grants Westlake's motion to dismiss pursuant to Rule 12(b)(6) (ECF No. 71); the Court grants the Agora entities' motion to dismiss pursuant to Rule 12(b)(6) (ECF No. 72); the Court grants the Walt entities' motion to dismiss pursuant to Rule 12(b)(6) (ECF No. 78); the Court finds moot Plaintiff's motion for service (ECF No. 92); and the Court dismisses Atlantic Acceptance Corp., Atlantic Acceptance Holdings, LLC, and Atlantic Auto Finance Group, LLC without prejudice pursuant to rule 4(m) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

March 5, 2026
Charleston, South Carolina